Filed 2/1/16  P. v. Pineda CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067731 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS272772) |
| JUAN IVAN PINEDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed as modified.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Defendant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Juan Ivan Pineda was convicted on multiple charges arising from his burglarizing an apartment and the subsequent pursuit and apprehension of defendant by police officers. Defendant alleges the trial court produced insufficient evidence that he possessed a concealed dirk or dagger because a pocket knife such as that found on his person at the time of his arrest only qualifies as such if the blade locks in place.

Defendant also claims the prosecution did not produce substantial evidence that he concealed or destroyed evidence because the computer (allegedly concealed or destroyed) was recovered and physically intact. Alternatively, defendant argues that even if the evidence was sufficient for conviction on the concealment and destruction of evidence count, the trial court erred by failing to instruct the jury on the lesser included offense of attempted concealment or destruction of evidence.

Finally, defendant claims the trial court should have struck rather than stayed a sentence enhancement for a prior strike and that the abstract of judgment contains an error. We order the trial court to correct the abstract of judgment to reflect the actual judgment rendered by the court. In all other respects, the judgment of the trial court is affirmed.

PROCEDURAL OVERVIEW

In early January 2015, a jury convicted defendant of first degree burglary (Pen. Code,[1] §§ 459, 460; count 1), carrying a concealed dirk or dagger (§ 21310; count 3),

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

resisting an officer (§ 148, subd. (a)(1); count 3), destroying or concealing evidence (§ 135; count 4) and petty theft (§ 484; count 5). In a bifurcated bench trial, the court found it true that defendant suffered a prior strike (§§ 667, subds. (b)–(i), 668 & 1170.12), that defendant had committed a prior serious felony (§§ 667, subd. (a)(1), 668 & 1192.7, subd. (c)) and that defendant had previously served time in prison (§§ 667.5, subd. (b) & 668). The court denied defendant's motion to strike his prior strike conviction in February 2015. Instead, the court stayed imposition of the prior prison term enhancement because it arose from the same offense as the prior serious felony enhancement. The court sentenced defendant to a total term of 10 years four months imprisonment.

FACTUAL OVERVIEW

On June 12, 2014, Coronado Police Officer Ryan Rose responded to a call reporting a suspicious person walking across lanes of traffic on State Route 75 carrying a concealed item under his shirt. Rose spotted defendant, who matched the description of the suspect. Defendant had his hands concealed in the front of his waistband, which led Rose to believe that defendant was carrying something under his shirt. Rose stopped his patrol car and got out. When Rose asked to speak to defendant, defendant responded by walking away at a "brisk pace." Defendant began running towards the beach as other police officers approached the scene. Defendant temporarily escaped the pursuing officers by scaling a gate and entering the residential community of Coronado Cays.

3

A laborer who was at work installing stones at a home in Coronado Cays near a boat dock spotted defendant swimming in the ocean and watched defendant climb out of the ocean, onto the dock. The laborer testified that the water defendant swam in was "kind of deep." Once on the dock, defendant began pulling items out of his waistband and dropping them into the ocean. Among the items the laborer saw defendant toss into the ocean was a laptop computer, which defendant tossed about 10 to 15 feet into the ocean from the edge of the dock. Police officers arrived at the residence where the laborer was working and spotted defendant. They commanded defendant to stop, but he jumped back into the ocean.

Defendant swam to another dock in an adjacent cay, climbed the dock, and entered the backyard of a nearby home where he was found and arrested. Rose arrived at the scene while defendant was being arrested. He saw that defendant had an open pocket knife in his pocket with the blade partially protruding through the bottom half of one of defendant's pockets. Rose described the pocket knife as being in a "fixed open position."

A harbor patrol boat arrived at the scene where defendant dropped the items into the ocean. Officers asked the laborer to show them the spot where defendant dropped the items into the water. A marker was placed at the approximate site where the items were dropped, and divers dove under the water to search. The divers recovered a laptop computer. The computer had a sticker on it identifying the victim, her address and phone number. The computer was returned to the victim, but the computer no longer worked. The victim testified that her apartment was burglarized in the morning while she was out

4

on a walk, the same morning that defendant was arrested. The tread on boots defendant was wearing on the day of his arrest resembled footprints made in the sand outside of the victim's apartment.

At trial, defense counsel conceded in closing arguments that defendant was guilty of possessing stolen property and concealing evidence, but he contended that the prosecution failed to prove defendant was the one who burglarized the victim's apartment. Defense counsel also argued that the prosecution failed to prove that the pocket knife defendant had when he was arrested had the blade locked open.

## DISCUSSION

A. Defendant's Conviction for Carrying a Concealed Dirk or Dagger

When a defendant challenges the sufficiency of the evidence presented at trial, the appellate court must review the record "to determine whether it contains substantial evidence—i.e., evidence that is credible and of solid value—from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." (*People v Green* (1980) 27 Cal.3d 1, 55.) The reviewing court must "presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v Lindberg* (2008) 45 Cal.4th 1, 27.)

Section 21310 bars the carrying of a concealed "dirk or dagger." A pocket knife qualifies as a dirk or dagger under section 21310 "only if the blade of the knife is exposed

5

and locked into position."  (§ 16470; accord, *In re George W.* (1998) 68 Cal.App.4th 1208, 1214.)

Defendant claims the prosecution failed to produce substantial evidence that the pocket knife defendant was carrying on his person was locked into an open position when he was apprehended.  He argues that Rose's testimony that the pocket knife was in a fixed open position is not substantial evidence that the blade was locked into position.  We agree with the People that the difference between "locked" and "fixed" in the context of this case is not legally significant, at least not when judged by the substantial evidence standard.  The Oxford English Dictionary states that "lock" can mean "to hold or fix firmly or irrevocably; to hold or trap in a particular position."  (Oxford English Dict. Online (2016) <http://www.oed.com> [as of Jan. 13, 2016].)  Among the definitions for "fixed" is:  "Placed or attached firmly; fastened securely; made firm or stable in position." (*Ibid*.)  In the context of a folding pocket knife, the terms "lock" and "fixed" are virtual synonyms.  We find that Rose's testimony that defendant's knife was fixed open was substantial evidence that the blade was locked into an open position.

B.  Defendant's Conviction for Destroying or Concealing Evidence

Section 135 provides that any person who knowingly destroys or conceals evidence that they know is about to be produced in a legally authorized investigation with the intent to hinder the investigation by preventing the production of the evidence is guilty of a misdemeanor.

6

Defendant contends his conviction for destroying or concealing evidence must be overturned because he failed to destroy or conceal the laptop computer he threw into the ocean. The most recent and relevant case regarding criminal destruction or concealment of evidence is *People v. Hill* (1997) 58 Cal.App.4th 1078 (*Hill*). In *Hill*, a defendant driving a car wadded up fraudulent traveler's checks and threw them out the window. This action was observed by a police officer pursuing the defendant, and the checks were recovered and produced into evidence. (*Id.* at pp. 1089–1090.) The Court of Appeal reversed a conviction for destruction or concealment of evidence under section 135. (*Id.* at p. 1092.) Regarding destruction of evidence, the Court of Appeal opined that: "The purpose of section 135 is to prevent the obstruction of justice. [Citation.] The plain meaning of 'destroy' is to ruin something completely and thereby render it beyond restoration or use. [Citation.] Under this definition, if one destroys evidence, it necessarily becomes unavailable and cannot be produced. Conversely, if, despite one's efforts, the evidence is or can be restored and used, then, by definition, it has not been destroyed; rather, such efforts constitute an attempt: a direct, but ineffectual, act toward the commission of a crime." (*Id.* at p. 1089.)

Defendant contends that because the computer was recovered and led to his arrest, he failed to destroy evidence. The People claim defendant did destroy evidence because the computer was rendered unusable, and the electronic data contained inside of it was lost; data that could have been used to establish the identity of the victim or perhaps uncover some illegal purpose for which defendant was using the computer.

7

However, even if we did not find there was substantial evidence that defendant destroyed evidence, we would still find that defendant successfully concealed evidence.[2] On the question of what constitutes concealment, the Court of Appeal has opined: "The word 'conceal' simply means to hide or cover something from view. [Citation.] Section 135 proscribes concealing evidence 'about to be produced in evidence upon any trial, inquiry, or investigation.' Given its plain meaning, 'conceal,' in context, does not necessarily or reasonably suggest that a defendant must render evidence permanently unseen, or as defendant submits, unavailable. Rather successful concealment of evidence from a particular investigation is sufficient. [¶] Moreover, we must view the term in context and in light of the purpose of the statute. One can obstruct the administration of justice in varying degrees and in a variety of ways. Obviously, to permanently conceal evidence is a substantial obstruction of justice. To a lesser degree is any act of concealment that interferes with, impedes, frustrates, or unnecessarily prolongs a lawful search." (*Hill*, *supra*, 58 Cal.App.4th at p. 1090.)

Defendant maintains that his act of throwing the laptop into the ocean was at best an act of attempted concealment because, like the traveler's checks in *Hill*, a witness observed defendant disposing of the computer and the police were quickly able to retrieve it. We disagree. First, unlike the traveler's checks in *Hill*, which were

---

2      We note a finding that defendant concealed evidence in this instance is not contingent on any inferences regarding whether electronic data would have been produced as evidence in the investigation because the computer itself was produced into evidence and the label on it was used to identify the victim and confirm the computer's status as stolen property.

abandoned in plain view in the middle of a street, the laptop was tossed into water deep enough for boats to navigate. Though there is nothing in the record regarding the opacity of the water, the fact that officers asked a civilian witness where the items were tossed into the ocean indicates they did not know the precise location of the computer. The placing of a marker over the site where the witness said the items were tossed for the benefit of the divers also indicates that the computer was not conspicuously visible from above the water line.

Also, unlike the traveler's checks, which could and were simply picked up off the street by the pursuing officer, the laptop was thrown off of a dock into a body of water deep enough for at least small boats to navigate on. Though police officers arrived at the scene around the time defendant tossed the computer into the ocean, the water was apparently too deep for the officers to conduct a search and recovery operation by themselves as a harbor patrol boat with professional divers was called in to recover the laptop from the ocean floor. The amount of time it took to recover the laptop is not clear from the record, but its recovery definitely required a significant expenditure of time and resources that would not have been necessary had the laptop not been thrown into the ocean. Therefore, not only was the laptop concealed in the ocean, but the concealment did impede an investigation by expanding the time and resources needed to effect recovery of the computer. Because defendant succeeded in impeding an investigation by hiding the laptop from view, we find the jury had substantial evidence that defendant violated section 135 by concealing the laptop.

9

C. Trial Court's Failure to Instruct on Lesser Included Offenses

" 'The trial court is obligated to instruct the jury . . . on lesser included offenses if there is evidence that, if accepted by the trier of fact, would absolve the defendant of guilt of the greater offense but not of the lesser.' " (*People v. Rogers* (2006) 39 Cal.4th 826, 866.) "[T]he existence of '*any* evidence, no matter how weak' will not justify instructions on a lesser included offense, but such instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury." (*People v. Breverman* (1998) 19 Cal.4th 142, 162.) Substantial evidence is evidence that could lead a jury composed of reasonable persons to find the defendant committed the lesser offense, but not the greater. (*Ibid.*) "We review the trial court's failure to instruct on a lesser included offense de novo [citations] considering the evidence in the light most favorable to the defendant." (*People v. Brothers* (2015) 236 Cal.App.4th 24, 30.)

Defendant claims the trial court was obligated to instruct the jury on the lesser offense of attempted concealment or destruction of evidence. In regards to evidence of destruction, we find there is substantial evidence in the record from which a reasonable jury could find that the data stored on the computer was not destroyed or at least that the prosecution failed to prove beyond the benefit of a doubt that the data was destroyed. As we mentioned before, there is substantial evidence in the record that the data was destroyed through the computer being submerged in the ocean, but a reasonable jury

10

could have found differently as the record does not contain any indications that the laptop's internal storage device was ever tested to see if it was still functional.

However, we find there is no substantial evidence that defendant merely attempted but failed to conceal the computer. The record clearly demonstrates that defendant succeeded in temporarily concealing the laptop by tossing it into the ocean, causing the recovery of the laptop to take more time and effort than would have otherwise been needed had the laptop simply been left on the dock by defendant or remained on his person. Because the record does not provide substantial evidence that defendant attempted to conceal or destroy the laptop but failed to actually achieve either goal, the trial court had no sua sponte duty to instruct on attempted concealment or destruction of evidence.

D. Trial Court's Staying of Execution of Prior Prison Term Enhancement

The trial court found true a prior serious felony enhancement under section 667, subdivision (a)(1) and a prior prison term enhancement under section 667.5, subdivision (b). Because both enhancements arose out of the same conviction, the trial court could not impose both enhancements. (*People v. Jones* (1993) 5 Cal.4th 1142, 1153.) Instead, the trial court stayed the prior prison term enhancement. We reject defendant's contention that the trial court was required to strike the prior prison term enhancement.

California Rules of Court, rule 4.447 (rule 4.447) provides: "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements.

11

The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay will become permanent on the defendant's service of the portion of the sentence not stayed." "This rule is intended 'to avoid violating a statutory prohibition or exceeding a statutory limitation, while preserving the possibility of imposition of the stayed portion should a reversal on appeal reduce the unstayed portion of the sentence.' " (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364.)

Nothing in *People v Langston* (2004) 33 Cal.4th 1237 (*Langston*) required that the prior prison term enhancement be stricken. Although the court in *Langston* stated, "[o]nce the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken," its statement has no application here.

*Langston* is inapposite as it did not concern the proper treatment of an enhancement where *both* enhancements arise from the same offense. "[C]ases are not authority for propositions not considered." (*People v. Brown* (2012) 54 Cal.4th 314, 330.) "*Langston* never mentioned rule 4.447, and the authority cited by *Langston* on the point involved discretionary determinations to not impose an enhancement, and therefore did not implicate the ability to stay an enhancement under rule 4.447." (*People v. Brewer* (2014) 225 Cal.App.4th 98, 106, fn. 9.) Thus, the trial court committed no error in staying the prior prison term enhancement.

E.  Error in Abstract of Judgment

The trial court sentenced defendant on count 2 to a consecutive sentence of 16 months, which is one-third of the midterm doubled.  The abstract of judgment correctly indicates that defendant's sentence on count 2 is 16 months, but it also incorrectly states that defendant was sentenced to a "consecutive full term."  Defendant asks that we direct the trial court to correct the abstract of judgment.  The People concede that the abstract of judgment contains the error and joins defendant in requesting that we order the trial court to correct the abstract of judgment.

"[I]f the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it reflect the true facts."  (*People v. Little* (1993) 19 Cal.App.4th 449, 452.)  The Court of Appeal may order the clerk of the superior court to correct the abstract to match the judgment and send the corrected abstract to the appropriate agencies.  (See *People v. Hong* (1998) 64 Cal.App.4th 1071, 1084-1085.)  According to our state's high court, "where . . . the Attorney General identifies an evident discrepancy between the abstract of judgment and the judgment that the reporter's transcript and the trial court's minute order reflect, the appellate court itself should order the trial court to correct the abstract of judgment."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 188.)

We find that the abstract of judgment fails to reflect the judgment pronounced by the trial court and issue an order that the superior court correct the abstract of judgment.

13

DISPOSITION

The clerk of the superior court is ordered to correct the abstract of judgment to reflect that defendant was sentenced to the middle term on count 2, and to forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

14