[No. C016939. Third Dist. June 14, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
PRENTISS CORDELL ROBINSON, Defendant and Appellant.

Counsel

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

Opinion

**SPARKS, Acting P. J.**—The issue presented by this appeal is whether the trial court erred by failing to award defendant credit for the number of days he spent in custody following his original sentencing, up to the time of his resentencing. The Attorney General concedes the error. Although we agree the court erred, and that defendant is entitled to additional credit, we believe the appropriate means of remedying an error of this nature is to first move for correction in the trial court. Accordingly, we shall dismiss the appeal.

A jury convicted defendant of attempted murder (Pen. Code, §§ 187, 664)[1] and four counts of assault with a firearm (§ 245, subd. (a)(2), in the commission of each of which it found he personally used a firearm (§ 12022.5, subd. (a)). Moreover, the jury found that, in the commission of the attempted murder and two of the assaults, defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)). He also was convicted of possession of a deadly weapon (§ 12020, subd. (a)).

Defendant was sentenced to state prison for 12 years and also received a consecutive indeterminate term of life imprisonment with the possibility of parole. He was awarded 157 days of presentence credit. Following an appeal by defendant and a remand of the case for resentencing (*People* v. *Robinson* (Jan. 29, 1993) C012444 [nonpub. opn.]), defendant was resentenced to a term of nine years and received a consecutive indeterminate sentence of life with the possibility of parole. The court again awarded defendant 157 days of presentence credit; defendant received no credit for any additional time spent in custody.[2]

As defendant points out, when resentencing a defendant, the sentencing court is required to calculate and credit the defendant with the number of

---

[1] Further statutory references to sections of an undesignated code are to the Penal Code.

[2] At the resentencing hearing, the parties did not raise the issue of additional credits, and a supplemental probation report was not prepared.

days spent in prison custody. On the other hand, calculation of credit for good behavior and for work time is the province of the prison administration. (§§ 2900.5, 4019; *People* v. *Chew* (1985) 172 Cal.App.3d 45, 48-51 [217 Cal.Rptr. 805].) In *Chew*, the court remanded to the trial court for recomputation of credits. (172 Cal.App.3d at p. 52.)

In *People* v. *Little* (1993) 19 Cal.App.4th 449, 451 [23 Cal.Rptr.2d 394], the defendant's only substantive argument on appeal was that he was entitled to one additional day of presentence custody credit.[3] Citing *People* v. *Fares* (1993) 16 Cal.App.4th 954 [20 Cal.Rptr.2d 314], the court in *Little* urged counsel, when presented with apparent error in the calculation of presentence custody credits or other clerical error in the abstract of judgment, to first move for correction in the trial court. (*People* v. *Little, supra*, 19 Cal.App.4th at pp. 451-452.)

 We are persuaded that the advice contained in *Fares* and *Little* is sensible and should be heeded by counsel representing defendants on appeal in this district. The trial court possesses inherent power to correct clerical errors in its records, and an appellate court may dismiss appeals such as this one. (*People* v. *Little, supra*, 19 Cal.App.4th at pp. 451-452.) If the matter cannot be resolved by motion below, then appeal remains an available remedy. (*Id.* at p. 452.)

In *Little*, the appellate court ordered the trial court to correct the abstract of judgment, but warned counsel it reserved the right in the future to dismiss summarily appeals of this sort when a remedy was available in the trial court. (19 Cal.App.4th at p. 452.) *Fares*, a Fourth District, Division One, case, which first urged counsel to move for correction of clerical errors in the computation of credits in the trial court before filing an appeal, was filed in June 1993. *Little*, a Sixth District case, following *Fares*, was filed in October 1993.

Here, defendant urges a remand of this case so that the trial court can calculate the custody credit to which he is entitled. The Attorney General suggests this court award defendant with an additional 642 days of credit for the period between defendant's original sentencing and his resentencing.[4]

We decline to adopt either party's suggestions. Agreeing with the admonitions contained in both *Fares* and *Little*, each of which was final prior to

---

[3]The defendant in *Little* also alleged that a sentence enhancement was misidentified in the abstract of judgment. (*People* v. *Little, supra*, 19 Cal.App.4th at p. 451.)

[4]Apparently, defendant was in custody from the date of his original sentencing, November 20, 1991, through the date of resentencing, August 23, 1993.

the filing of the briefs in this case, we believe the appropriate remedy is to dismiss this appeal and relegate defendant to the remedy of filing an appropriate motion in the trial court.[5]

DISPOSITION

The appeal is dismissed.

Sims, J., and Nicholson, J., concurred.

---

[5]Although it is not yet final, we note with interest the Fourth District, Division Two, has reached the same conclusion as *Fares* and *Little*. (*People* v. *Culpepper* (1994) 24 Cal.App.4th 1134 [29 Cal.Rptr.2d 719].)