Filed 7/14/15  P. v. Ringo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RALPH ANTHONY RINGO,<br><br>    Defendant and Appellant. | H041418<br>(Santa Clara County<br> Super. Ct. Nos. F1035194,<br> F1345980) |

## I.  INTRODUCTION

In case No. F1035194, defendant Ralph Anthony Ringo pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[1] and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Defendant also admitted the allegation that he had served a prior prison term (§ 667.5, subd. (b)).

In case No. F1345980, defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), buying or receiving stolen property (§ 496, subd. (a)), possession of methadone (Health & Saf. Code, § 11350, subd. (a)), possession of hydrocodone without a prescription (Bus. & Prof. Code, § 4060)

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1). Defendant also admitted the allegation that he had served one prior prison term (§ 667.5, subd. (b)). After defendant admitted that he had violated probation, he was sentenced to a total term of three years in the state prison in case No. F1035194 and a concurrent sentence of two years in case No. F1345980.

On appeal, defendant contends that the trial court erred in ordering a domestic violence protective order to remain in effect, as entered in the corrected minute order issued July 18, 2014, and in the abstract of judgment as "DVPO [domestic violence restraining order] to remain outstanding." For the reasons stated below, we conclude that the domestic violence restraining order was entered in the abstract of judgment due to clerical error, and we will order that the sentence "DVPO to remain outstanding" be stricken from the abstract of judgment.

## II. FACTUAL BACKGROUND

### A. *Case No. F1035194*

We briefly summarize the factual background in case No. F1035194 from the preliminary hearing testimony. Lola Perez and her boyfriend, Joseph Reyes, were outside defendant's trailer in Morgan Hill on August 4, 2010, when they had a fight. After Reyes pushed Perez, defendant told Reyes to leave. Reyes departed for a brief time, then returned to the trailer where he told Perez to come with him. Perez refused and a physical struggle ensued. Defendant intervened, which led to a fight between him and Reyes. During the fight, defendant hit Reyes in the head with a flashlight and Reyes was attacked by defendant's pit bull. As a result, Reyes was hospitalized with a broken nose and a facial fracture.[2]

---

[2] No testimony regarding the charge of misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) was given at the preliminary hearing because that charge was proven by stipulation.

**B.** *Case No. F1345980*

In case No. F1345980, the record reflects that a police officer conducted a probation search of defendant's car on March 4, 2013, and found methamphetamine, marijuana, methadone pills, hydrocodone pills, four glass pipes, and two handicapped placards that had been reported stolen.

### III. PROCEDURAL BACKGROUND

**A.** *Case No. F1035194*

The July 2011 information filed in case No. F1035194 charged defendant with two felony counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 1 & 2) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 3). The information further alleged that defendant had served one prior prison term (§ 667.5, subd. (b)).

Defendant was released on supervised own recognizance on November 18, 2010. The order for release stated several special conditions of release, including the following protective order: "Not harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block the movements of the protected person(s): Debbie Ringo, Nick B. Ringo, Francene Ringo, Nicholas A. Ringo, Lucille May."

The prosecutor subsequently made a motion to amend count 2 "to allege what is commonly known as a soft [section] 245[,subd. (a)(1)] by means of force likely to produce great bodily injury." On August 22, 2011, defendant pleaded no contest to count 2 (§ 245, subd. (a)(1)) and count 3 (Health & Saf. Code, § 11377, subd. (a)) and admitted the allegation that he had served a prior prison term.

At the sentencing hearing held on September 19, 2011, the trial court dismissed count 1 and granted the prosecutor's motion to amend count 2. Defendant was placed on probation for three years with several probation conditions. One of the probation conditions concerned protective orders. The trial court stated: "The existing protective

3

orders, no contact protective orders, they will be extended to terminate upon the completion of your probation unless earlier modified." The September 19, 2011 minute order states: "DVPO issued . . . [expires] 9-19-14 . . . 5 victims."

On June 20, 2013, defendant admitted that he had violated his probation. Probation was revoked and reinstated with the original conditions on July 15, 2013. The minute order for July 15, 2013, includes the notation "NC 9-19-14 5-victims."

### B. *Case No. F1345980*

The first amended complaint filed in case No. F1345980 in March 2013 charged defendant with three felonies, possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), buying or receiving stolen property (§ 496, subd. (a); count 2), and possession of methadone (Health & Saf. Code, § 11350, subd. (a); count 3), plus two misdemeanors, possession of hydrocodone without a prescription (Bus. & Prof. Code, § 4060; count 4) and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1; count 5). The amended complaint also alleged that defendant had served one prior prison term (§ 667.5, subd. (b)) and had one prior violent or serious felony conviction (§ 667, subds. (b)-(i)) that also qualified as a strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).

On June 20, 2013, defendant pleaded no contest to all counts alleged in the amended complaint and admitted the allegation that he had served a prior prison term. The trial court granted the prosecutor's motion to strike the prior Three Strikes conviction because it had been alleged in error. Defendant also admitted that he had violated probation.

On July 15, 2013, the trial court placed defendant on probation for three years, conditioned upon serving an eight-month county jail sentence.

### C. *Combined Probation and Sentencing Hearing*

A petition for modification of the terms of probation was subsequently filed in both cases. The petition stated that defendant had violated probation by failing to enroll

4

in a substance abuse program, failing to report for probation office appointments, failing to make himself available for search and testing, failing to provide proof of training or employment, and testing positive for amphetamine. The petition further stated that the conditions of probation in both cases had included a "DVPO issued Exp 9/19/14 [¶] . . . No Contact, within 300 yds of all Victims."

A combined probation and sentencing hearing was held in case No. F1035194 and case No. F1345980 on July 17, 2014. Defendant admitted that he had violated probation as described in the petition for modification of the terms of probation. The trial court revoked probation in both cases. In case No. F1035194, the court imposed a total state prison term of three years. In case No. F1345980, the court imposed a total state prison term of two years concurrent with the sentence in case No. F1035194.

**D.** *Appeal*

Defendant filed a July 30, 2014 notice of appeal in case No. F1035194 that states that the appeal is after a contested violation of probation. The record does not contain a notice of appeal in case No. F1345980.

On August 14, 2014, the trial court issued its order denying defendant's request for a certificate of probable cause in case No. F1035194. The order states in part: "Even given an expansive reading, the entirety of Defendant's Request relates exclusively to why he was not actually in violation of his probation (delays in transportation resulted in failure to report to Probation, etc.). There does not appear to be any issues presented which go to the legality of the proceedings."

## IV. DISCUSSION

On appeal, defendant contends that the trial court erred in ordering a domestic violence protective order to remain in effect, as indicated in the corrected minute order issued July 18, 2014, that states "DVPO to remain outstanding." According to defendant, there was no statutory basis for the trial court to impose a DVPO or to issue a protective order at the time of sentencing under the circumstances of this case. Defendant also

points out that the reporter's transcript for the July 17, 2014 sentencing hearing "makes no reference to a DVPO."  He argues that the error may be corrected on appeal despite the absence of an objection below because the error constitutes an unauthorized sentence.

### A.  *Supplemental Briefing*

We asked the parties to submit supplemental briefing on the following questions: "1.  The record on appeal includes a corrected minute order issued July 18, 2014, regarding the trial court proceedings held on July 17, 2014, in case No. F1035194.  The corrected minute order issued July 18, 2014 states:  'DVPO to remain outstanding.'  Was a domestic violence protective order issued in this case at any time?  [¶]  2.  The reporter's transcript for the proceedings held in the trial court on July 17, 2014, in case No. F1035914 does not show that the court issued or continued any kind of protective order or no-contact order during the July 17, 2014 proceedings.  Should this court order the clerk of the superior court to correct a clerical error in the combined abstract of judgment issued in case Nos. F1035194 and F1345980 by striking the sentence in paragraph 13 that reads:  'DVPO to remain outstanding'?"

In his supplemental briefing letter, defendant asserts that the record shows that no protective order ever issued in either case pursuant to section 136.2 for the purpose of protecting a victim or witness.  Defendant acknowledges that the minute order for the proceedings held on November 18, 2010, in case No. F1035194 indicates that when defendant was released on his own recognizance a protective order issued that named four persons with the same surname as defendant, with an expiration date of September 19, 2014.  Defendant further acknowledges that it may be inferred the November 18, 2010 protective order was a domestic violence protective order since the protected persons are members of his family.

However, defendant contends that the order "DVPO to remain outstanding" should be stricken from the abstract of judgment because that term was never orally imposed by the trial court.  Defendant explains that "[t]here can be no question that the

6

judgment the court actually pronounced was silent as to the extension of the so-called 'DVPO,' . . . past September 19, 2014."  Accordingly, defendant requests that this court order the trial court to strike the language "DVPO to remain outstanding" from paragraph 13 of the abstract of judgment.

The Attorney General disagrees, arguing in supplemental briefing that a domestic violence protective order was correctly imposed, first as a condition of pretrial release in 2010 and then as a probation condition in 2011.  The Attorney General further argues that the domestic violence protective order was not based on section 136.2 and did not need to be issued on a Judicial Council form.

Although the Attorney General recognizes that the trial court "did not orally re-impose the protective order . . . when it sentenced [defendant] to state prison [citations], the amended abstract of judgment should be found to have simply incorporated the preexisting protective order noted in the minute orders throughout the record in this case."  Finally, the Attorney General asserts that defendant's failure to object below constitutes a forfeiture of this issue on appeal and also precluded the development of a full record regarding the protective order.

## B. *Forfeiture*

As a threshold matter, we address the issue of forfeiture raised by the Attorney General.  The general rule is that only " 'claims properly raised and preserved by the parties are reviewable on appeal.' [Citation.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  "A claim that a sentence is unauthorized, however, may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court. [Citations.]" (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.)  "Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

7

Accordingly, appellate courts have considered an appellate challenge to a no-contact or protective order where the defendant did not object to the order during trial court proceedings. (See *People v. Robertson* (2012) 208 Cal.App.4th 965, 996-997 (*Robertson*) [appellate challenge to no-contact order issued during sentencing hearing without statutory authority]; *People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382 [appellate challenge to three-year protective order issued during sentencing].) We therefore determine that in this case, defendant has not forfeited his challenge to the order "DVPO to remain outstanding" that was entered in the abstract of judgment and in the corrected minute order issued July 18, 2014, and we will consider the issue on the merits.

### C. *Correction of Clerical Error*

In his opening and reply briefs, defendant argues that there was no statutory basis for the trial court to impose a DVPO or to issue a protective order at the time of sentencing under the circumstances of this case. The Attorney General responds that the trial court has the inherent power to impose a no-contact order upon a defendant who has been sentenced to state prison.

"Several statutes permit entry of a protective order under certain circumstances in a criminal case. . . . For example, section 136.2, subdivision (a) authorizes issuance of a protective order during the duration of criminal proceedings. Yet, this statute does not authorize issuance of a protective order against a defendant who has been sentenced to prison unless the defendant has been convicted of domestic violence. [Citations.] Section 1203.1, subdivision (i)(2), which authorizes a no-contact order in some sex offense cases, only applies where the defendant is granted probation. Section 1201.3, subdivision (a) authorizes a no-contact order for a period of up to 10 years but only when the defendant was convicted of a sexual offense involving a minor victim." (*Robertson*, *supra*, 208 Cal.App.4th at p. 996.) We need not address the substantive issue of whether a domestic violence protective order or no-contact order was properly imposed in this

8

case or was terminated when probation was revoked on July 17, 2014, since we will resolve defendant's claim of trial court error on procedural grounds.

As we have noted, the reporter's transcript for the July 17, 2014 sentencing hearing and the original July 17, 2014 minute order show that the trial court made no mention of a protective order or a no-contact order during the sentencing hearing. The record does not reflect that further proceedings were held on July 18, 2014. However, on July 18, 2014, a "corrected minute order issued" that included the following note: "DVPO to remain outstanding." The abstract of judgment for both cases states: "Probation Remains Revoked. DVPO to remain outstanding. Adv/ORD 3 Yrs. Parole. No further penalties."

Thus, the record reflects that although the trial court did not orally pronounce words to the effect of "DVPO to remain outstanding" during the July 17, 2014 proceedings, or make any reference whatsoever to a protective order, the order "DVPO to remain outstanding" was nevertheless entered in the July 18, 2014 corrected minute order and the abstract of judgment. The discrepancy between the trial court's oral pronouncement on July 17, 2014, and the July 18, 2014 corrected minute order and the abstract of judgment is an important fact that leads to our resolution of the issue on appeal in this case.

" 'The reason for requiring a minute entry of the judgment in a criminal case is to furnish a concise record showing the crime of which the defendant has been convicted and the punishment imposed, which will protect him [or her] against a subsequent prosecution for the same offense. [Citations.]' [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386.) "Entering the judgment in the minutes being a clerical function (Pen. Code, § 1207)[3], a discrepancy between the judgment as orally

---

[3] Section 1207 provides: "When judgment upon a conviction is rendered, the clerk must enter the judgment in the minutes, stating briefly the offense for which the (continued)

pronounced and as entered in the minutes is presumably the result of clerical error. Nor is the abstract of judgment controlling. 'The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms (see Pen. Code, § 1213.5)[4] it cannot add to or modify the judgment which it purports to digest or summarize.' [Citation.]" (*People v. Mesa* (1975) 14 Cal.3d 466, 471 (*Mesa*).)

On the record before us, we must presume that the discrepancy between the trial court's oral pronouncement on July 17, 2014, and the July 18, 2014 corrected minute order and the abstract of judgment is the result of a clerical error. (See *Mesa*, *supra*, 14 Cal.3d at pp. 471-472.) "[I]f the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it reflect the true facts. [Citation.]" (*People v. Little* (1993) 19 Cal.App.4th 449, 452; see also *People v. Rowland* (1988) 206 Cal.App.3d 119, 123 [same].) Further, California Rules of Court, rule 8.155(c)(1) provides in part that "on its own motion, the reviewing court may order the correction . . . of any part of the record."

We will therefore order the clerk of the superior court to correct a clerical error in the combined abstract of judgment issued in case No. F1035194 and case No. F1345980 by striking the sentence in paragraph 13 that reads: "DVPO to remain outstanding."

## V. DISPOSITION

The clerk of the superior court is ordered to (1) correct the combined abstract of judgment issued in case No. F1035194 and case No. F1345980 by striking the sentence in paragraph 13 that reads: "DVPO to remain outstanding" and (2) to transmit a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

---

conviction was had, and the fact of a prior conviction, if any. A copy of the judgment of conviction shall be filed with the papers in the case."

[4] Section 1213.5 provides: "The abstract of judgment provided for in Section 1213 shall be prescribed by the Judicial Council."

10

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.