Filed 5/14/21  P. v. Yen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074333 |
| v. | (Super.Ct.No. RIF1902889) |
| CHUHAO YEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Affirmed as modified with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Chuhao Yen was charged by information with possession of ammunition by a person prohibited from owning or possessing a firearm (Pen. Code,[1] § 30305, subd. (a), count 1) and possession of an opium pipe (Health & Saf. Code, § 11364, count 2). The information also alleged that he had served one prior prison term. (Pen. Code, § 667.5, subd. (b).) Defendant pled not guilty and denied the prior prison allegation. He then moved to suppress the prosecution's evidence against him pursuant to Penal Code section 1538.5. The trial court conducted a hearing and denied the motion. A jury subsequently found him guilty of count 1 but could not reach a unanimous verdict on count 2, which the court then dismissed. The court sentenced him to 16 months in state prison.

On appeal, defendant contends that: (1) the trial court erred in denying his motion to suppress evidence; (2) the court improperly ordered him to pay presentence incarceration costs under section 1203.1c; and (3) the abstract of judgment must be corrected since it misstates his conviction. The People concede that the presentence incarceration costs should be stricken, and the abstract of judgment must be corrected. We agree. In all other respects, we affirm the judgment.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

## FACTUAL BACKGROUND

The following factual statement is derived from the hearing on the motion to suppress: Officer Krotz was on patrol on the night of July 13, 2019. At approximately 2:00 a.m., he drove by a restaurant and observed a large recreational vehicle (RV) parked behind it, with an extension cord running from the restaurant to the RV. He patrolled that area at least once a night and had never seen an RV parked in that location before. He also was unsure if the cord was plugged inside the business, or if it was plugged into an external outlet. The restaurant was closed, and he suspected there was some possible utility theft going on (i.e., the RV was charging its batteries using the business's utilities). The officer parked his patrol car behind the RV and noticed that the RV started rocking "pretty violently" as if people were moving around quickly inside of it. He approached the RV and observed the passenger side window down and a man, identified as Jose Munoz,[2] sitting in the passenger seat. He started talking to Munoz through the open window and asked him if the RV was his and if he or anyone in the RV had an affiliation with the restaurant. Munoz answered no to both questions but said he had been arrested for carrying a loaded weapon the previous year.

While he was talking to Munoz, Officer Krotz observed a cylindrical glass item sticking out of the cupholder in the center console of the RV. Based on his training and experience, the officer recognized the item as a methamphetamine pipe (meth pipe). He also heard other people moving around inside the RV. He asked Munoz to step out of the

---

[2] Munoz is also referred to as Jose Couzins in the record.

3

vehicle and asked if he had anything illegal on his person. Munoz admitted to having narcotics in his right pocket. Officer Krotz recovered two bindles of methamphetamine from him. Officer Krotz walked Munoz over to his patrol car, and another officer arrived as backup. The second officer watched Munoz while Officer Krotz went back to the RV to contact the other occupants. Defendant was sitting on the steps at the entrance of the RV, and there was a woman sitting on the couch. Officer Krotz had them exit the RV and sit with Munoz. He then went back to the RV to clear it of any other occupants for officer safety reasons and to search for more narcotics or paraphernalia.

Officer Krotz testified at the suppression hearing that he wore a body camera while conducting this investigation, and a video recording from his body camera was played for the court. The prosecutor asked the officer to stop the video at the point when he first saw the meth pipe. Officer Krotz said the meth pipe was difficult to see in the video since he wore his body cam low on his chest, but you could see his flashlight pass over it. The prosecutor rewound the video for the court, and the officer pointed out the part where he shined his flashlight on the center console. The officer pointed out that there were four cupholders, saying, "there's a cup right here and then the pipe is sticking up out of this cup. It's kind of facing forward towards the front of the car. You can barely see the end of it in the video." The prosecutor continued the video, and the officer told him where to pause it, explaining that once the door of the RV was opened, the meth pipe was easier to see. He said, "So you can, with the vehicle interior light on, you can see it sticking right out of the cup holder a little bit better. . . . [¶] . . . [¶] So you can

4

see it just on the other side of that, the white napkin is the kind of a contrast, you see that white, I can see it on this screen." He pointed out the meth pipe on the video again.

Officer Krotz then testified that because he had already recovered narcotics from Munoz and saw paraphernalia inside the vehicle, he had probable cause to continue searching for additional evidence of more narcotics. He went toward the back of the RV and saw another meth pipe on the bed. He also found a box of ammunition inside a cabinet.

Officer Krotz testified that he used a ruse to see if one of the occupants of the RV would confess to there being a gun in the RV. He confronted them about the ammunition by saying he found a handgun and asking them who owned it. Defendant then stated that he owned the ammunition. Officer Krotz asked if he was a convicted felon. He placed defendant under arrest.

On redirect examination, Officer Krotz testified that he was not lying about seeing the meth pipe in the passenger area of the RV. He was asked whether he was using the meth pipe as a pretext to justify a search of the RV. He said, even without the pipe, he had probable cause based on the narcotics recovered from Munoz. He then confirmed that he was not lying about anything.

DISCUSSION

### I. The Court Properly Denied Defendant's Motion to Suppress

Defendant argues the court erred when it denied his motion to suppress the evidence of the ammunition found during the search of the RV since the search was unlawful under the Fourth Amendment. He contends there was no probable cause to

5

search the RV. Specifically, he claims the officer's bodycam video does not show a meth pipe in the center console and argues the officer's claim that he saw a meth pipe was a pretext for searching the RV. We conclude that the court properly denied defendant's motion.

A. *Standard of Review*

"The Fourth Amendment of the federal Constitution requires state and federal courts to exclude evidence obtained from unreasonable government searches and seizures. [Citation.] Penal Code section 1538.5 allows a defendant to move to suppress evidence obtained in an improper seizure. [Citation.]" (*People v. Garry* (2007) 156 Cal.App.4th 1100, 1105-1106.) "As the finder of fact in a proceeding to suppress evidence [citation], the superior court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable. [Citation.]" (*People v. Woods* (1999) 21 Cal.4th 668, 673 (*Woods*).) "The standard of appellate review of a trial court's ruling on a motion to suppress is well established. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.)

6

B. *The Court's Ruling*

After hearing the evidence and arguments from counsel, the trial court denied defendant's motion. In doing so, it stated: "And from the video we can see an object which he testified to was a methamphetamine pipe. Obviously, that was in plain view. He saw that from outside the vehicle, which led to further questions, the subsequent calling of Mr. Munoz out of the vehicle, and of course, discovery of methamphetamine on his person."

The court further stated that the RV was not a mobile home but was essentially a camper vehicle with a driver's seat, regulated by the Vehicle Code. It concluded, "And as such the automobile exception is applicable." The court went on to say that the RV was "readily mobile" since it was not up on blocks. It further stated there was "direct evidence that supports probable cause in the form of the methamphetamine pipe in the front console, the form of methamphetamine found Mr. Munoz [*sic*]." The court also asserted that when officers find contraband inside a vehicle, it is reasonable to believe there is more of it inside the vehicle.

The court further ruled that any statements made in response to Officer Krotz's question about who owned the gun he found should not be suppressed. It noted that none of the three occupants were in custody, and the officer "used a ruse to ferret out who might have knowledge of whether there was a firearm, which he had not yet found, or at

7

least had suspicion that one would be found . . . [and] that approach was non-custodial, . . . therefore, *Miranda*[3] did not apply at that point. . . .”

C.  *Substantial Evidence Supports the Court's Findings*

The court found Officer Krotz had probable cause to search the RV based on the meth pipe he saw in the center console and the methamphetamine found on Munoz, who was inside the RV.[4]  Contraband in plain view from outside a vehicle “may furnish probable cause to believe that additional contraband is secreted in the vehicle and to justify a search therefor.”  (*People v. Superior Court of Yolo County* (1970) 3 Cal.3d 807, 816-817.)

Substantial evidence supports the court's findings.  Officer Krotz testified that when he was talking to Munoz at the passenger side window, he observed a meth pipe in the center console of the RV, in plain view.  Furthermore, the prosecutor played Officer Krotz's bodycam video, and Krotz pointed out for the court the part in the video when he saw the meth pipe.  He explained that the pipe was hard to see because of how low his body cam was.  However, he pointed out another part of the video that showed the meth pipe better, when the interior light was turned on in the RV.  Officer Krotz pointed to the meth pipe on the video, and the court confirmed his observation.  In denying defendant's motion, the court stated, “And from the video we can see an object which [Officer Krotz] testified to was a methamphetamine pipe.  Obviously, that was in plain view.  He saw

---

[3]  *Miranda v. Arizona* (1966) 384 U.S. 436.

[4]  We note that defendant does not dispute the court's finding of probable cause based on the methamphetamine found on Munoz's person.

8

that from outside the vehicle. . . ." The court concluded there was direct evidence to support a finding of probable cause. It clearly found Officer Krotz's testimony credible, and we defer to its credibility and factual findings, as we must. (*People v. Lee* (2019) 40 Cal.App.5th 853, 860-861 ["It is the trial court's role to evaluate witness credibility, resolve conflicts in the testimony, weigh the evidence, and draw factual inferences. [Citation.] We review those factual findings under the deferential substantial evidence standard, considering the evidence in the light most favorable to the trial court's order."].)

Defendant specifically argues there was no credible evidence corroborating Officer Krotz's testimony that he saw a meth pipe in the cab of the RV, claiming that the bodycam video contradicts his testimony since "there is no glass pipe visible" in the video. He further points out that the People did not present photographs of the meth pipe or the pipe itself at the hearing. He also asserts that Officer Krotz made false statements to the backup officer that Munoz was on probation, when he was not, and to the three occupants that he found a gun in the RV. He further contends that Officer Krotz's testimony "contained internal contradictions" and points out that Krotz said he thought there could be additional people in the RV, but did not look into the large cabinets, bathroom, or bed until nine minutes after he began the search. Defendant's claim that "there is no glass pipe visible" in the video is contradicted by the video footage itself and Officer Krotz's testimony. Moreover, defendant's other attempts to discredit Officer Krotz's testimony fail. The trial court is the finder of fact in a suppression proceeding and is "vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding

9

whether a search is constitutionally unreasonable. [Citation.]" (*Woods*, *supra*, 21 Cal.4th at p. 673.) The court found Officer Krotz's testimony credible.

Considering the evidence in the light most favorable to the trial court's order, as we must, we conclude the court properly found Officer Krotz had probable cause to search the RV based on the meth pipe he saw, and the bindles of methamphetamine found on the person of Munoz. Therefore, it properly denied defendant's motion to suppress the evidence.

"[T]he Fourth Amendment to the United States Constitution permits the warrantless search of an automobile with probable cause." (*People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059.) Under the automobile exception to the warrant requirement, "[w]hen the police have probable cause to believe an automobile contains contraband or evidence they may search the automobile and the containers within it without a warrant. [Citation.]" (*People v. Superior Court* (*Nasmeh*) (2007) 151 Cal.App.4th 85, 100.) The police had such probable cause in this case based upon the officer's observation of the meth pipe in the vehicle as well as his retrieval of the methamphetamine from the front passenger in the vehicle who was seated right next to the meth pipe.

II. The Court's Order to Pay the Presentence Incarceration Cost Should Be Stricken

Defendant argues that the court's order for him to pay presentence incarceration costs was unauthorized and should be stricken. The People concede, and we agree.

The trial court ordered defendant to pay $1,500 in presentence incarceration costs under section 1203.1c. That section allows a court to order a defendant to pay for

10

reasonable costs of incarceration, subject to ability to pay, if the defendant is "ordered to serve a period of confinement in a county jail, city jail, or other local detention facility as a term of probation or a conditional sentence." (§ 1203.1c, subd. (a).) As the People correctly point out, section 1203.1c does not apply here because the court did not grant defendant probation or impose a conditional sentence but sentenced him to 16 months in state prison. We therefore modify the judgment to strike the $1,500 fee for the cost of presentence incarceration.

### III. The Abstract of Judgment Should Be Corrected

Defendant contends the abstract of judgment should be corrected because it does not accurately reflect his conviction offense. The People correctly concede.

The jury found defendant guilty of being a felon in possession of ammunition. (§ 30305, subd. (a).) The abstract of judgment reflects the correct statute for the conviction offense; however, it lists the conviction as "Possess firearm." This appears to be a clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) "[I]f the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it reflect the true facts." (*People v. Little* (1993) 19 Cal.App.4th 449, 452; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We therefore order the superior court clerk to correct the abstract of judgment to reflect defendant's conviction of being a felon in possession of ammunition.

11

DISPOSITION

The judgment is modified to strike the $1,500 presentence incarceration cost. (§ 1203.1c.) The clerk of the superior court is directed to correct the abstract of judgment to reflect that defendant was convicted of being a felon in possession of ammunition. (§ 30305, subd. (a).) The clerk is further directed to prepare an amended sentencing minute order and amended abstract of judgment reflecting both of these modifications and to forward certified copies of the minute order and abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

12