Filed 5/19/21  P. v. Jacuinde CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075462 |
| v. | (Super.Ct.No. RIF1603431) |
| JULIO CESAR JACUINDE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed as modified.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant
and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi,
Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Julio Cesar Jacuinde contends his prior prison term enhancement (Pen. Code,[1] § 667.5, subd. (b)) should be stricken pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.).  The People concede, and we agree.

## PROCEDURAL BACKGROUND

A jury convicted defendant of attempted carjacking.  (§§ 664, 215, subd. (a), count 2.)[2]  The jury also found true a great bodily injury enhancement (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)) and a personal weapon use enhancement (§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)).  A trial court found true that defendant had a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), a prior serious felony conviction (§ 667, subd. (a)), and a prison prior (§ 667.5, subd. (b)).  The court sentenced him to a total of 18 years in state prison, which consisted of the upper term of four years six months on count 2, doubled pursuant to the strike, plus one year on the personal weapon use enhancement (§ 12022, subd. (b)(1)), three years on the great bodily injury enhancement (§ 12022.7, subd. (a)), and five years on the prior serious felony conviction (§ 667, subd. (a)).  The court imposed but stayed the one-year term on the prison prior.

Defendant appealed, and this court affirmed the judgment but remanded the case for the trial court to exercise its discretion to dismiss defendant's prior serious felony

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The jury apparently found defendant not guilty of count 1 and "hung regarding count three."

conviction pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*People v. Jacuinde* (May 15, 2019, E069537) [nonpub.opn.].)

The trial court held a hearing on July 20, 2020, and declined to dismiss the prior serious felony conviction.

Defendant filed a timely notice of appeal.

DISCUSSION

The Prior Prison Enhancement Must Be Stricken

Defendant contends the one-year term imposed under section 667.5, subdivision (b), must be stricken pursuant to Senate Bill No. 136 since his case was not yet final when Senate Bill No. 136 went into effect on January 1, 2020. The People concede, and we agree.

A. *Senate Bill No. 136 Applies to Defendant's Case*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) "Effective as of January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amends section 667.5, subdivision (b) to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*Ibid*.)

The statute is retroactive and applies to cases not yet final as of its effective date. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Winn* (2020) 44 Cal.App.5th 859,

3

872.)  The People correctly concede that Senate Bill No. 136 applies since defendant's case was not yet final on January 1, 2020, and his prior prison term enhancement was for possession of an illegal weapon (former § 12020, subd. (a)(1)), which is not a sexually violent offense.

Accordingly, we will modify the judgment by striking the prior prison term enhancement and affirm the judgment as modified.  We note that generally, when part of a sentence is stricken, the case is remanded " 'so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  However, because the prior prison enhancement here was stayed, striking it will have no effect on defendant's sentence.  Furthermore, a remand for resentencing is unnecessary as the trial court already imposed the maximum sentence available.  (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342.)

In addition, although not raised by the parties, we note an apparent clerical error.  The court sentenced defendant to the upper term of four years six months on count 2.  (§§ 664, 215, subd. (a).)  However, the abstract of judgment reflects that the court sentenced him to the upper term of nine years.  The court did double the sentence on count 2 pursuant to the prior strike, which made the sentence nine years, and the abstract indicates the court sentenced him pursuant to the prior strike.  However, in the interest of accuracy, the abstract should not reflect that nine years was the upper term.  Generally, a clerical error is one inadvertently made.  (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.)  "[I]f the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it

4

reflect the true facts." (*People v. Little* (1993) 19 Cal.App.4th 449, 452; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We therefore order the superior court clerk to amend the abstract of judgment to reflect the imposition of four years six months on count 2, and to indicate that the court doubled the term pursuant to the prior strike to reach nine years.

DISPOSITION

The judgment is modified to strike defendant's sentence on the prior prison enhancement. (§ 667.5, subd. (b).) The superior court clerk is directed to modify the abstract of judgment to reflect this change and also to indicate that the court imposed the upper term of four years six months on count 2, which it doubled pursuant to the prior strike. The clerk is further directed to forward a certified copy of the modified abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

We concur:

RAMIREZ _____

P. J.

SLOUGH _____

J.

5