Filed 11/17/22  P. v. DeLeon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079322 |
| v. | (Super.Ct.No. SWF008523) |
| URY M. DELEON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed as modified.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

A jury found defendant and appellant Ury M. DeLeon guilty of four counts of attempted premeditated murder (Penal Code,[1] §§ 664, 187, subd. (a), counts 1-4) and one count of shooting into an inhabited vehicle (§ 246, count 5). The jury also found true as to all counts that the crimes were committed to benefit a criminal street gang. (§ 186.22, subd. (b).) As to the attempted murder counts, it also found true the allegation that a principal personally and intentionally discharged a firearm. (§ 12022.53, subds. (c) & (e).) As to count 5, it found true the allegation that defendant personally used a firearm. (§§ 667, 1192.7, subd. (c)(8).)

On June 20, 2005, a court sentenced defendant to consecutive terms of 15 years to life on each of the first two counts and concurrent terms on the remaining two counts, and two consecutive determinate terms of 20 years each for the use of a firearm, for a total determinate term of 40 years, with a consecutive indeterminate term of 30 years to life. The sentence on count 5 was stayed pursuant to section 654. (*People v. Lugo* (July 13, 2006, E038380) [nonpub. opn.].)

On February 1, 2022, defendant filed an in propria persona petition to vacate the attempted murder convictions, pursuant to former section 1170.95.[2] The court found him ineligible for relief and denied the petition.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] This provision was renumbered without substantive change to section 1172.6, effective June 30, 2022. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For

*[footnote continued on next page]*

Defendant filed a timely notice of appeal.  We direct the court to amend the sentencing minute order and abstract of judgment to reflect the correct sentence.  In all other respects, we affirm the judgment.

## PROCEDURAL BACKGROUND

In 2004, defendant and his codefendant were charged by information with four counts of attempted premeditated murder (§§ 664, 187, subd. (a), counts 1-4) and one count of shooting into an inhabited vehicle (§ 246, count 5).  It was alleged as to all counts that the crimes were committed to benefit a criminal street gang.  (§ 186.22, subd. (b)).  As to the attempted murder counts, it was alleged that a principal personally and intentionally discharged a firearm.  (§ 12022.53, subds. (c) & (e).)  As to count 5, it was alleged that defendant personally used a firearm.  (§§ 667, 1192.7, subd. (c)(8).)

A jury convicted defendant of all counts and found true the enhancement allegations.  On June 20, 2005, a court sentenced him to 15 years to life on count 1 and 20 years on the attendant firearm enhancement, and a consecutive 15 years to life on count 2 and 20 years on the attendant firearm enhancement, for a total determinate term of 40 years, plus an indeterminate term of 30 years to life.  The court imposed the sentences on counts 3 and 4 and their enhancements concurrently and stayed the sentence and enhancements on count 5.

the sake of clarity and consistency, we will refer to the provision as former section 1170.95.

3

In 2006, we affirmed defendant's judgment on appeal and ordered the abstract to be amended to delete the reference to "30 years to life" and instead reflect two indeterminate terms of life with minimum parole requirements of 15 years. (*People v. Lugo, supra*, E038380.)

On February 1, 2022, defendant filed an in propria persona petition to vacate the attempted murder convictions pursuant to former section 1170.95.

On June 3, 2022, the People moved to deny the petition, asserting that the jury was instructed on direct aiding and abetting, but not on natural or probable consequences or felony murder. The court found defendant ineligible for relief and denied the petition.

Defendant filed a timely notice of appeal of the denial of his petition.

### DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case, and identifying the following potential arguable issue: whether the trial court erred in finding, based upon counsel's offers, that defendant was ineligible for resentencing under former section 1170.95.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Thus, no claim of error has been raised.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under former section 1170.95. (*People v.*

4

*Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)  Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the petitioner does not file a supplemental brief.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.)  Furthermore, we understand that the appellate review procedures under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues, generally apply "only to a defendant's first appeal as of right."  (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45.)  However, we also recognize that we still retain discretion to conduct a *Wende/Anders* review.  (See generally *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."].)

In this case, we were inclined to order the matter dismissed since defendant did not file a supplemental brief.  However, we have observed apparent clerical errors in the sentencing minute order and abstract of judgment.  Thus, we exercise our discretion to conduct an independent review of the record and will order the errors corrected.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

Although not raised by the parties, we note a few apparent clerical errors.  The court originally sentenced defendant to consecutive terms of 15 years to life on each of

5

the first two counts and concurrent terms on the remaining two counts, and two consecutive determinate terms of 20 years each for the use of a firearm, for a total determinate term of 40 years, with a consecutive indeterminate term of 30 years to life. As previously indicated, we corrected the sentence to reflect two indeterminate terms of life with minimum parole requirements of 15 years rather than 30 years to life, in addition to the 40-year determinate sentence. However, the sentencing minute order reflects that he was sentenced to "a total *Indeterminate* sentence of 40 years plus 30 years to life."**3** (Italics added.) The abstract of judgment repeats this sentence. These appear to be clerical errors since a sentence of 40 years is a determinate term, not an indeterminate term. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) "[I]f the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it reflect the true facts." (*People v. Little* (1993) 19 Cal.App.4th 449, 452; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We therefore order the superior court clerk to correct the sentencing minute order and abstract of judgment to reflect defendant's true sentence. The amended minute order and abstract of judgment should include the amendment from the prior appeal, in which we ordered the superior court clerk to amend the abstract to delete the reference to "30 years to life" and instead reflect indeterminate terms of life with minimum parole requirements of 15 years for each

---

**3** We note the record on appeal contains an affidavit from a court reporter, filed on July 26, 2022, stating that the notes from the June 20, 2005 sentencing hearing were over 10 years old and are no longer available.

offense. (*People v. Lugo*, *supra*, E038380.) Thus, the sentencing minute order and abstract of judgment should now reflect defendant's total sentence of a determinate term of 40 years plus two consecutive indeterminate terms of life with minimum parole requirements of 15 years.

## DISPOSITION

The clerk of the superior court is directed to amend the sentencing minute order and abstract of judgment to reflect that defendant was sentenced to a determinate term of 40 years plus two consecutive indeterminate terms of life with minimum parole requirements of 15 years. The clerk is further directed to forward certified copies of the minute order and abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:

SLOUGH

Acting P. J.

MENETREZ

J.

7