Filed 3/15/23  P. v. Ramsey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ERIC RAMSEY,<br><br>        Defendant and Appellant. | C095822<br><br>(Super. Ct. No. 06F07860) |

The trial court granted defendant Eric Ramsey's motion to correct his custody credits, and then issued an abstract of judgment that reflected only his credits as of the date of his original sentencing, rather than as of the date of the correction.  On appeal, defendant argues he is entitled to an amended abstract of judgment that reflects the interim custody credits to which he was entitled at the time his sentence was modified, consistent with *People v. Buckhalter* (2001) 26 Cal.4th 20.  The Attorney General agrees,

1

and we agree with the parties. We remand the case for recalculation of defendant's current custody credits and the issuance of an amended abstract of judgment.

## BACKGROUND

The factual details of this case are not relevant to the issue on appeal; it suffices to say that in 2008, a jury found defendant guilty of murder (Pen. Code[1], § 187; count one), robbery (§ 211; count two), fraudulent use of a credit card (§ 484g, subd. (a); counts three through six), and attempted fraudulent use of a credit card (§§ 664, 484g, subd. (a); count seven). The trial court sentenced defendant to 25 years to life in state prison and awarded him 645 days of credit for actual time served. We affirmed the judgment in an unpublished opinion. (*People v. Ramsey* (Sept. 4, 2009, C059245) [nonpub. opn.].)

In October 2021, defendant filed a motion to recalculate his custody credits, asserting as relevant here that at the time of his 2008 sentencing he was entitled to 646 days--rather than 645 days--of credit for actual custody. The trial court acknowledged that the previous award of 645 days should be corrected to 646 days and, accordingly, granted defendant's the motion in relevant part. The court then issued an amended abstract of judgment, nunc pro tunc to the original resentencing date, which listed an award of 646 days of actual custody credit. Defendant filed a notice of appeal.

While the appeal was pending, appellate counsel sent a letter to the trial court requesting an amended abstract of judgment that reflected defendant's actual custody credits as of the date the trial court had corrected defendant's sentence, citing *People v. Buckhalter*, *supra*, 26 Cal.4th 20. The letter argued the change in credits had been a correction of a judicial error, and not just a clerical correction, and that the amended abstract of judgment should thus reflect the additional actual custody credits defendant had accrued up to the time of the correction. In August 2022, the trial court issued an

---

[1] Undesignated statutory references are to the Penal Code.

2

order agreeing with the letter, calculating defendant's current actual custody credits at 5,822 days, and indicating a new abstract of judgment reflecting these credits would be issued.[2] The court then issued an amended abstract of judgment that again reflected only 646 actual custody credits.

In September 2022, appellate counsel sent a second letter to the trial court explaining that the new abstract of judgment still did not reflect the number of actual custody credits the court had awarded and requesting an abstract that aligned with the court's order. A minute order from October 2022 states that appellate counsel sent an email to the court "re CLARIFICATION ON CRT ORD CREDITS ABSTRACT HAS BEEN AMENDED TO ADD LANGUAGE REQUESTED." Defendant filed his opening brief in this case on November 30, 2022. The clerk's office at the trial court filed a declaration with this court on December 2, 2022, stating it had "corrected the Indeterminate Abstract of Judgment according to Judge Allen Sumner's Order of 10/21/22. After speaking to Appellate Counsel she has stated that she is not satisfied with the corrections and will address it in her brief asking the Third Appellate District Court to address it in the decision of the case. Nothing was omitted."

The case was fully briefed on January 12, 2023, and assigned to this panel shortly thereafter.

## DISCUSSION

Defendant argues he is entitled to an amended abstract of judgment that reflects the full amount of his actual custody credits, noting he has complied with the requirements of section 1237.1. He asserts the trial court's written order is not an adequate substitute for an amended abstract of judgment. The Attorney General agrees

---

[2] The record also contains an internal court e-mail from a research attorney explaining the actual custody credit calculation as the number of days defendant had spent in custody until the date of the order.

the trial court must issue a new and updated abstract of judgment and provide it to defendant if the court has not already done so.  We also agree.

A trial court "has jurisdiction to resentence a prisoner by amending the judgment to correct its original, erroneous calculation of his presentence credits, and there is no time limitation upon the right to move the trial court to correct the sentence due to miscalculation of custody credits."  (*People v. Little* (1993) 19 Cal.App.4th 449, 451-452.)  Where a court modifies "a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' "  (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 23.)  "Section 1213 requires that a certified copy of the judgment or the abstract be provided if the defendant is to be imprisoned . . . the abstract must summarize the judgment that was imposed."  (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1083.)

For reasons that are unclear here, the trial court did not prepare a new abstract of judgment that properly reflected defendant's credits as of the date of the credits' correction.  We must remand for the trial court to recalculate defendant's *current* custody credits and issue a new abstract of judgment accordingly.

## DISPOSITION

The matter is remanded, and the trial court is directed to recalculate defendant's current custody credits and prepare an amended abstract of judgment that reflects the result of the recalculation.  The trial court is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


                                                        /s/
                                              Duarte, Acting P. J.



We concur:



        /s/
Krause, J.



        /s/
McAdam, J.*

_____

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5