Filed 5/14/21  P. v. Morones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073447 |
| v. | (Super.Ct.No. RIF1805394) |
| JOSEPH ARTHUR MORONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Larrie R. Brainard, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part, vacated in part, and remanded with directions.

Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Allison V.

1

Acosta and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

<u>INTRODUCTION</u>

A jury found defendant and appellant Joseph Arthur Morones guilty of two counts of automobile burglary (Pen. Code,[1] § 459) for breaking into multiple recreational vehicles that were parked in a repair shop yard. On appeal, he contends: (1) his prior prison term enhancement (former § 667.5, subd. (b)) should be stricken under Senate Bill No. 136 (2019-2020 Reg. Sess.); (2) pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the trial court's imposition of a court operations fee, a criminal conviction assessment, and a restitution fine violated his right to due process; (3) the fees and fine imposed violated the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution; (4) the court abused its discretion in failing to stay the restitution fine and strike the court operations fee and criminal conviction assessment when it struck other fees; and (5) his counsel was ineffective for failing to object when the court imposed these fees and fine, while striking others. The People concede, and we agree, that Senate Bill No. 136 applies. Therefore, we remand the matter for the court to resentence defendant. We also direct the superior court clerk to correct an error in the abstract of judgment. In all other respects, we affirm the judgment.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

Defendant was charged by information with two counts of automobile burglary. (§ 459, counts 1 & 2.)  The information also alleged that he had a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), and that he had served one prior prison term (§ 667.5, subd. (b)) for a conviction of criminal threats (§ 422).

On June 5, 2019, a jury found defendant guilty of both counts of automobile burglary.  In a bifurcated hearing, defendant said he was willing to waive a trial on his prior convictions.  The court asked him if he admitted the allegation that he committed a prior strike offense, and he said yes.  The court neglected to ask him about the prison prior.

On August 9, 2019, the trial court sentenced defendant to the low term of 16 months on count 1, doubled pursuant to the prior strike, plus one year on the prison prior, for a total term of three years eight months in state prison.  The court reduced count 2 to a misdemeanor under Penal Code section 17, subdivision (b), and gave him 180 days of time served on that count.  It imposed a $60 criminal conviction assessment ($30 per count, Gov. Code, § 70373), an $80 court operations fee ($40 per count, Pen. Code, § 1465.8), and a $2,000 restitution fine (Pen. Code, § 1202.4, subd. (b)).  The court also ordered defendant to pay the costs of the presentence probation report, booking fees of $514.58, and $1,500 for presentence incarceration costs.  Defense counsel asked for a waiver "on all fines mentioned pursuant to *Dueñas*" and asserted that defendant was indigent and currently homeless.  Counsel argued that defendant would be going to state

prison and, thus, would not be making any money and he simply did not have the money to pay the total amount assessed. The following colloquy occurred:

"THE COURT: All right. As I understand it, I … can strike the probation department's fees, the booking fees, and the presentence; correct?

"[DEFENSE COUNSEL]: I think that's correct, Your Honor.

"THE COURT: But not the restitution fine, much of which he can earn while he's in custody; am I correct?

"[DEFENSE COUNSEL]: This restitution fine that they're alleging is not victim restitution. It's restitution fine to the court. I think the Court has no discretion to strike victim restitution. That's my understanding at least.

"THE COURT: All right. I'm going to order that he not pay the probation department fine—that's the 1,095—the 514 booking fees, and the presentence incarceration fees. But the balance will remain."

Defendant filed a notice of appeal on August 12, 2019.

### DISCUSSION

#### I. The Prior Prison Enhancement Must Be Stricken

Defendant contends the one-year term imposed under former section 667.5, subdivision (b), must be stricken pursuant to Senate Bill No. 136 since his prior conviction was for criminal threats, and his case was not yet final when Senate Bill No. 136 went into effect on January 1, 2020. He also asserts that he did not admit he suffered the alleged prior prison sentence. Thus, he contends this court must either strike

his prison prior and remand the matter to present proof of it, or in the alternative, strike the prison prior pursuant to Senate Bill No. 136 and resentence him to 32 months in state prison. The People concede that Senate Bill No. 136 applies, and we agree.

At the outset, we note that it was an apparent oversight on the court's part when it neglected to ask defendant to admit the prior prison allegation at the bifurcated hearing. Defendant "waive[d] a trial on his priors" and admitted he suffered the alleged prior strike conviction, which was based on the same conviction alleged for the prison prior. Thus, the record indicates he would have admitted the prior prison allegation if the court had asked. Moreover, defendant did not object when the court sentenced him to one year on the prison prior. In view of the record, and because the parties agree that Senate Bill No. 136 applies here, we need not decide whether remand is necessary to allow the People to present proof of the one-year prior based upon the court's failure to take an admission to it.

A. *Senate Bill No. 136 Applies to Defendant's Case*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).) "Effective as of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amends section 667.5, subdivision (b) to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code

5

section 6600, subdivision (b)." (*Ibid.*) The statute is retroactive and applies to cases not yet final as of its effective date. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Winn* (2020) 44 Cal.App.5th 859, 872.) The People correctly concede that Senate Bill No. 136 applies since defendant's case was not final on January 1, 2020, and his prior prison enhancement was for a criminal threats conviction (§ 422), which is not a sexually violent offense.

The question remains as to whether the case needs to be remanded for resentencing. Defendant contends that this court should strike the prison prior under Senate Bill No. 136 and resentence him to 12 months less, or 32 months in state prison. However, we agree with the People that the appropriate remedy is to strike the prison prior and remand the matter for resentencing. The Supreme Court has held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Appellate courts have applied this full resentencing rule after striking prior prison term enhancements under Senate Bill No. 136, unless the trial court imposed the maximum possible sentence. (e.g., *People v. Keene* (2019) 43 Cal.App.5th 861, 865; *Jennings*, *supra*, 42 Cal.App.5th at p. 682; *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) Here, the court did not impose the maximum possible sentence, as it sentenced defendant to the low term of 16 months on count 1, and it reduced count 2 to a misdemeanor and sentenced him to 180 days.

We therefore conclude that remand is appropriate for the trial court to resentence defendant in light of Senate Bill No. 136.  (See *Jennings*, *supra*, 42 Cal.App.5th at p. 682.)  On remand, the trial court may not exceed the aggregate prison term originally imposed.  (See *People v. Casteneda* (1999) 75 Cal.App.4th 611, 614.)

## II.  The Court Properly Imposed the Challenged Fees and Fine

Defendant makes a myriad of claims concerning the court's imposition of the $80 court operations fee (Pen. Code, § 1465.8), the $60 criminal conviction fee (Gov. Code, § 70373), and the $2,000 restitution fine (Pen. Code, § 1202.4, subd. (b)).  We conclude the court properly imposed these fees and fine.

A.  *The Court Properly Found Defendant Had the Ability to Pay and Imposed the Fees and Fine*

Citing *Dueñas*, *supra*, 30 Cal.App.5th 1157, defendant claims that when he asked the court to strike the fees, it did not make a finding that he had the ability to pay the $60 and $80 fees assessed.  He then notes that the court struck several fees and fines due to his indigence and argues it should have stricken the criminal conviction assessment and court operations fees, as well.  He also claims that, due to his indigence, this court must strike these fees "because to impose [them] violates due process under both the 14th Amendment to the United States Constitution and Article I, section 7, of the California Constitution."  Defendant adds that the court imposed the $2,000 restitution fine without any consideration that he was unable to pay this fine due to his indigence.  He then claims the $1,700 amount over the statutory minimum of $300 must be stricken since the court

abused its discretion in finding he was indigent for purposes of waiving other fees, but still imposing a $2,000 restitution fine without any basis for exceeding the minimum fine. Finally, he claims the statutory minimum of $300 must be stayed until the prosecution proves he has the ability to pay the fine pursuant to *Dueñas*. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1172.) We reject defendant's claims.

In *Dueñas*, the appellate court held that the trial court violated the defendant's right to due process under both the United States and California Constitutions by imposing court operations and facilities assessments pursuant to Government Code section 70373 and Penal Code section 1465.8, without making a determination as to her ability to pay. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.) The court also held that although Penal Code section 1202.4 barred consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, "the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)

*Dueñas*, does not support defendant's claims. Right after the trial court ordered him to pay the cost of the presentence probation report, the booking fees, the presentence incarceration costs, the $2,000 restitution fine, the $60 criminal conviction assessment fee, and the $80 court operations fee, defense counsel asked the trial court "for a waiver on all fines mentioned pursuant to *Dueñas*." She stated that defendant was "indigent and currently homeless" and "will be going to state prison and, therefore, will not be making

8

any money." Thus, the record shows that defendant objected, and he bore the burden of demonstrating his inability to pay; however, he failed to do so. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154.) He appears to presume that, simply because he informed the court that he was indigent, the court was required to strike all his fees and fines. However, he "was obligated to create a record showing his inability to pay." (*Ibid*.) Defendant had the opportunity to request an evidentiary hearing on his ability to pay but did not do so.

Furthermore, defendant claims the court did not make a finding that he had the ability to pay the $60 and $80 fees assessed. However, when defense counsel asked the court to waive all the fees and restitution fine under *Dueñas*, the court replied, "All right. As I understand it, I . . . can strike the probation department's fees, the booking fees, and the presentence; correct?" Defense counsel stated, "I think that's correct, Your Honor." The court added, "But not the restitution fine, *much of which he can earn while he's in custody*." (Italics added.) The court then struck the probation department's fees, the booking fees, and the presentence incarceration fees, and ordered the balance of the fees to remain. The record shows that the court considered defendant's ability to pay and struck some of the fees. We note that, when the court ordered him to pay the restitution fine, it initially announced the amount of $3,000, then said, "that should be reduced. Make it $2,000." It is reasonable to infer from the court's words and actions that it found defendant had the ability to pay the balance of the fees and fine from his prison wages. The court properly considered his future earning capacity, which includes the ability to

9

earn prison wages. (See *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [defendant sentenced to prison did not show absolute inability to pay $10,000 restitution fine even though prison wages would make it difficult for him to pay the fine, it would take a very long time, and the fine might never be paid]; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 (*Ramirez*) [a trial court may consider the defendant's future ability to pay, including his ability to earn wages while in prison]; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 (*Hennessey*) ["defendant's ability to obtain prison wages and to earn money after his release from custody" are properly considered when determining whether a defendant has the ability to pay].) The record shows that, at the time of sentencing, defendant was 46 years old and had served in the United States Navy from 1993 to 1998.[2] Every able-bodied person committed to the custody of the Department of Corrections and Rehabilitation is obligated to work. (Cal. Code Regs., tit. 15, § 3040, subd. (a).) Wages in California prisons currently range from $12 to $56 a month. (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1035; Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1).) Defendant made no showing in the trial court that he has any physical disability that would prevent him from working. In fact, he requested to be placed in Fire Camp, which indicates he is able-bodied. Even if he does not earn enough in prison wages, there is no reason to believe he will not be able to earn enough money after his release from custody. (See *Hennessey*, at p. 1837.)

---

[2] The probation officer's report shows that defendant declined to be interviewed, so his employment history and financial status were unknown.

Therefore, defendant has given us no basis under *Dueñas* to strike the court operations fee, the criminal conviction fee, and the restitution fine.  We conclude the trial court considered his ability to pay and properly imposed the fees and fine.

B.  *Defendant Forfeited His Excessive Fines Claim*

Defendant contends the fees and restitution fine ordered by the court violated the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution because they have no relationship to the crimes committed, and he has no ability to pay them.  He argues the amount of the restitution fine is almost four times the amount of the victims' losses and is "clearly excessive."  He asserts that "the court's assessment of [his] ability to pay was solely based on future possible wage earnings in prison."  Defendant also argues that because he requested to attend Fire Camp, he would only be able to contribute $576 toward his restitution fine and, thus, asserts he cannot pay the fees and fine in full with his prison wages.  He then claims that "it is clearly an excessive fine" since he would be forced to work "simply to pay a conviction assessment fee to the court, especially considering that after working full time . . . he will have over $2000 in fees, fines, and restitution remaining."  Defendant also supports his excessive fines claim by asserting that under section 1202.4, in setting the amount of the fine in excess of the statutory minimum of $300, the court shall consider any relevant factors, including "the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any

11

other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).) He concludes that the "[a]nalysis of these factors indicate the fines and fees imposed are excessive." Finally, he contends the fees and fine violate due process because he is forced to work to pay the fees and fine, and when he leaves prison, he will continue to be punished with a civil assessment against him; therefore, "[t]he fines imposed are excessive and must be stricken."

After carefully reviewing the record, we conclude defendant forfeited his excessive fines claim. The United States Supreme Court determined that the excessive fines clause of the federal Constitution is "an incorporated protection applicable to the States" before defendant was sentenced. (*Timbs v. Indiana* (2019) ___ U.S. ___ [139 S.Ct. 682, 685-687].) Moreover, California courts have long entertained challenges to fines under article I, section 17 of the state Constitution. (See, e.g., *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728; *People v. Urbano* (2005) 128 Cal.App.4th 396, 406.) Thus, it was incumbent on defendant to raise an excessive fines objection in the trial court to preserve his claim. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 720 [8th Amendment claim forfeited for failure to raise it below]; *People v. McCullough* (2013) 56 Cal.4th 589, 592-593 [constitutional challenge to booking fee forfeited].) He easily could have raised such claim when he objected to the fees and fine under *Dueñas*; however, he failed to do so. He also did not raise any issue as to the amount of the restitution fine under the statute.

As to his assertion that the court's assessment of his ability to pay was based solely on future wage earnings in prison and that he would not be able to pay the fees and fine in full with his prison wages, defendant appears to be making a general claim concerning the aggregate amount of all the fees and fine imposed. He claims that "[i]t is clearly an excessive fine where an inmate i[s] forced to work for the state" simply to pay his fees and fine, especially considering he will still have remaining debt after he completes his sentence. However, in determining that defendant had the ability to pay, the court properly considered his future ability to pay, including his ability to earn wages while in prison. (*Ramirez*, *supra*, 39 Cal.App.4th at p. 1377.) Moreover, just because a defendant may not be able to pay his debt in full with his prison wages does not automatically mean the fees and fine were excessive. Ability to pay also includes a defendant's ability to earn money after his release from custody. (*Hennessey*, *supra*, 37 Cal.App.4th at p. 1837.)

As to defendant's claim that the fees and fine violate due process because he is forced to work to pay them, and when he leaves prison he will continue to be punished with a civil assessment against him, he fails to explain how his due process rights were violated, or how this makes the fees and fine excessive. Thus, "[w]e reject the point at the threshold as not properly raised: defendant perfunctorily asserts the claim without argument in support." (*People v. Marshall* (1990) 50 Cal.3d 907, 945, fn. 9.)

C. *The Court Did Not Abuse Its Discretion*

Defendant additionally claims that the court abused its discretion by failing to stay the restitution fine and strike the criminal conviction fee and court operations fee when it waived the probation department's fee (Pen. Code, § 1203.1b), the booking fee (Gov. Code, § 29550), and the presentence incarceration fee (Pen. Code, § 1203.1c), due to his indigence. However, the criminal conviction and court operations fees are mandatory (Pen. Code, § 1465.8; Gov. Code, § 70373), and imposition of the restitution minimum fine is mandatory unless the court finds "compelling and extraordinary reasons" not to impose it. (Pen. Code, § 1202.4, subd. (b).) Defendant has not identified any such reasons. Thus, the imposition of these fees and fine was required subject only to the holding in *Dueñas*, which we have already addressed. Furthermore, the court had discretion under Penal Code sections 1203.1b and 1203.1c to consider his ability to pay and take into account the other amounts he was ordered to pay in fines, assessments, and restitution. (Pen. Code, §§ 1203.1b, 1203.1c, subd. (b)(1).) The probation department's fee was $1,095, the booking fee was $514.58, and the presentence incarceration fee was $1,500. When defense counsel requested the court to waive all of the fees and fines imposed due to defendant's indigence, it was reasonable for the court to waive these larger fees, impose the mandatory fees, and order the restitution fine in excess of the $300 minimum amount to remain for the reasons previously discussed. We see no abuse of discretion.

14

D.  *Defendant Has Failed to Establish Ineffective Assistance of Counsel* (*IAC*)

Defendant argues that his counsel rendered IAC by failing to request that the court follow the statutory guidance provided in section 1202.4, subdivision (b)(2), which provides that "[i]n setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  He claims that under this formula, the restitution fine would have been approximately $700.  Defendant also contends his counsel was ineffective for failing to "correctly cite *Dueñas*" and for failing to correct the court when it "improperly limited the fees and fines that could be stricken."  He claims that, but for his counsel's errors, it is reasonably probable the court would have lowered and/or stricken the remaining fees and fine.

In order to establish a claim of IAC, a defendant must demonstrate that "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result."  (*People v. Dennis* (1998) 17 Cal.4th 468, 540.)

Defendant's claim pursuant to *Dueñas* is without merit, invalidating his IAC claim on this issue.  (See § II.A., *ante*.)  Similarly, his claim that his counsel failed to correct the court when it improperly limited the fees and fine that could be stricken has no merit.

15

(See § II.C., *ante*.) As to defendant's claim that his counsel was ineffective for failing to request that the court follow the statutory guidance provided in section 1202.4, subdivision (b)(2), we cannot say that the failure to do so rendered counsel's performance deficient. The use of the formula provided in section 1202.4, subdivision (b)(2), is permissive, not mandatory. (§ 1202.4, subd. (b)(2) ["[i]n setting a felony restitution fine, the court *may* determine the amount of the fine" using the formula].) Thus, the court was not required to use the formula to calculate the restitution fine.

We conclude that defendant has failed to establish that, but for his counsel's errors, it is reasonably probable the court would have lowered or stricken the challenged fees and fine.

### III. The Abstract of Judgment Should Be Corrected

Respondent points out that the court ordered defendant to pay $60 for the criminal conviction assessment (Gov. Code, § 70373, $30 per count), and $80 for the court operations fee (Pen. Code, § 1465.8, $40 per count). However, the abstract of judgment reflects a $30 criminal conviction assessment and a $40 court operations fee. This appears to be a clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) "[I]f the minutes or abstract of judgment fails to reflect the judgment pronounced by the court, the error is clerical and the record can be corrected at any time to make it reflect the true facts." (*People v. Little* (1993) 19 Cal.App.4th 449, 452; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We

16

therefore order the superior court clerk to correct the abstract of judgment to reflect the imposition of a $60 criminal conviction assessment and an $80 court operations fee.

## DISPOSITION

The matter is remanded to the superior court with directions to strike the one-year prior prison term enhancement (former § 667.5, subd. (b)), pursuant to Senate Bill No. 136 and resentence defendant. The clerk of the superior court is directed to correct the abstract of judgment to reflect the court's imposition of a $60 criminal conviction assessment and an $80 court operations fee. After resentencing, the clerk is directed to forward a certified copy of the amended abstract of the judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

17